# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **BETTYE SLOCUM** | * | **DOCKET NO. 06-0865** |
| **VERSUS** | * | **JUDGE JAMES** |
| **LINDA S. MCMAHON, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT & RECOMMENDATION

Before the court is claimant's petition for review of the Commissioner of Social Security's denial of her applications for Disability Insurance Benefits and Supplemental Security Income payments. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED** with prejudice.

## Background & Procedural History

Bettye Slocum filed the instant application for Disability Insurance Benefits on March 31, 2004. (Tr. 52-54). She alleged disability since October 13, 2003, due to a back injury, surgeries, a spinal cord stimulator, fibromyalgia, and rheumatoid arthritis. (Tr. 52, 65). The claim was denied at the initial stage of the administrative process. (Tr. 31, 41-44). Thereafter, Slocum requested, and received a July 12, 2005, hearing before an Administrative Law Judge ("ALJ"). (Tr. 209-244). However, in a November 21, 2005, written decision, the ALJ determined that Slocum was not disabled under the Act, finding at Step Five of the sequential evaluation process that she retained the residual functional capacity to make an adjustment to work that exists in significant numbers in the national economy. (Tr. 11-25).

Slocum appealed the adverse decision to the Appeals Council. On April 7, 2006, the Appeals Council denied Slocum's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 4-6).

On May 22, 2006, Slocum sought review before this court. She alleges the following errors:

(1) the Appeals Council failed to review and consider a memorandum and new evidence submitted by counsel; and

(2) the Commissioner failed to include pain as a severe impairment.

## **Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de*

*novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## **Determination of Disability**

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1)  An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2)  An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3)  An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ found at Step Two of the sequential evaluation process that Slocum suffered from severe impairments of chronic back pain, radiculitis with a history of lumbar laminectomy, inflammatory polyarthritis, migraine headaches, chronic neck pain, and numbness of the upper extremities. (Tr. 17, 23-24). However, the ALJ concluded that the impairments were not severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. (Tr. 17-18, 24).

Plaintiff contends that the ALJ should have found that pain was a severe impairment. "Pain, alone or in conjunction with other impairments, may be disabling, and the [Commissioner] is obliged to weigh subjective evidence of its existence." *Dellolio v. Heckler*,

4

705 F.2d 123, 127 (5th Cir. 1983)(citations omitted). In assessing the severity of an impairment, the Fifth Circuit has determined that "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000).

Initially, the court observes that the ALJ *did* determine that plaintiff's chronic back pain and chronic neck pain constituted severe impairments. (Tr. 17, 23-24). To the extent that plaintiff urges generic pain as a severe impairment, such omission is not critical when, as here, the ALJ has determined that the claimant suffers at least one severe impairment. At this point, the ALJ must proceed to consider all medically determinable impairments and their effects in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1523 & 416.923; *see*, Tr. 20-21. The critical issue is whether the ALJ's residual functional capacity assessment is supported by substantial evidence.

The ALJ's decision as to the credibility of plaintiff's complaints of pain is entitled to considerable judicial deference if supported by substantial evidence. *James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986); *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991). Factors that the ALJ may consider in evaluating the claimant's subjective complaints include: (1) claimant's daily activities; *Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Anthony v. Sullivan*, 954 F.2d 289, 296 (5th Cir. 1992); *Reyes v. Sullivan*, 915 F.2d, 151, 155 (5th Cir. 1990); (2) medication the claimant takes for pain; *Anthony v. Sullivan, supra; Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990); (3) degree of medical treatment; *Villa v. Sullivan, supra; Nickerson v. Secretary of Health and Human Services*, 894 F. Supp. 279 (E.D. Tex. 8/3/1995); (4) lack of medical opinions in the record indicating the claimant is precluded from performing the level of activity indicated

by the ALJ; *Villa v. Sullivan, supra*; and (5) external manifestations of debilitating pain such as marked weight loss. *Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *see also* 20 C.F.R. §§404.1529(C)(3)(I)-(vii), 416.929(c)(3)(I)-(vii) (1993).

The ALJ did not question that plaintiff suffered some pain; he only determined that plaintiff's allegations of disabling pain were not credible. (Tr. 20-21, 24). In support of her argument, plaintiff cites a statement by consultative psychologist, Walter C. Buboltz, Ph.D., observing that Slocum's pain may cause her difficulty with the "physical demands of many occupations . . ." (Tr. 131). However, this statement is not inconsistent with the ALJ's residual functional capacity assessment limiting Slocum to light work. Moreover, Dr. Buboltz observed that Slocum exhibited *mild* pain behaviors during the interview. (Tr. 131). Buboltz further noted that Slocum was capable of completing all of her activities of daily living and able to meet most of life's basic needs. *Id.*

Plaintiff further cites statements by two treating physicians, Drs. Bullock and Hull. The former noted on March 11, 2004, that he suspected some form of inflammatory arthropathy, and observed diminished sensation in the lower extremities with resulting unsteady gait. (Tr. 135). On June 9, 2004, Dr. Hull noted, *inter alia*, that Slocum had some effusions on her knees and synovitis in her wrists and MCP (finger) joints. (Tr. 138-141).

A few months later on August 28, 2004, Slocum underwent a consultative examination with Christiane Eisele, M.D. (Tr. 160-163). Slocum reported migraines about four times per week, but that medication provided reasonably good control. *Id.* She reported muscle and joint pain mostly in her wrist and hand. *Id.* She also complained that she fell and broke some bones. *Id.* Slocum reported that she could feed and dress herself. *Id.* She stated that she could stand for 15 minutes, walk for 50 to 60 feet, sit for 10 minutes, lift nothing and sometimes drive a car. *Id.*

6

Slocum exhibited a normal gait, and was able to get on and off the table without difficulty. *Id*. She was able to dress and undress herself. *Id*. She had no edema. *Id*. Grip was 4/5 on the right hand, with shaking, and 5/5 on the left. *Id*. She bent her knees to 90 degrees. *Id*. She declined to walk on her heels, squat, or walk heel to toe. *Id*. She exhibited some signs of carpal tunnel syndrome. *Id*. Notwithstanding Slocum's self-described limitations and allegations of pain, Dr. Eisele opined that based on the examination, Slocum was able to sit, stand, walk, lift, hear, speak, and handle objects without difficulty. *Id*.

Dr. Eisele's essentially benign assessment was sustained by Slocum's subsequent employment as a full-time safety officer for a trucking company beginning in November 2004. (Tr. 214-215). In June 2005, Slocum again stopped working because she was having trouble concentrating, and was unable to stand or walk for any length of time. *Id.* On July 20, 2005, plaintiff's treating physician, Thomas Gulick, M.D. wrote a note stating that it was expected that Slocum would be able to return to partial work-related duties on January 2, 2006, and to full work duties as of February 27, 2006. (Tr. 173).[1] In other words, plaintiff's treating physician did not believe that the latest deterioration of Slocum's condition would disable her for at least one year as contemplated under the SSA.[2] Accordingly, the ALJ's residual functional capacity

---

[1] Slocum suggested the February 27, 2006, return to work date to her physician. (Tr. 174).

[2] "Unless your impairment is expected to result in death, it must have lasted or must be *expected* to last for a *continuous* period of at least 12 months." 20 C.F.R. § 404.1509 (in pertinent part)(emphasis added).
  Plaintiff seems to argue that the ALJ should have re-contacted her treating physicians to clarify the extent of her pain. However, the latest statement of record from her physician was that she would be able to return to full-time work by February 2006. Moreover, the consultative examiner determined that Slocum's pain did not affect her ability to sit, stand, walk, lift. (Tr. 160-163). In short, there was no apparent need to re-contact a physician. *See*, 20 C.F.R. § 404.1527(c)(3).

7

assessment is supported by substantial evidence.

In the aftermath of the ALJ's unfavorable decision, plaintiff submitted new evidence to the Appeals Council. The new evidence comprised notes from Slocum's treating physicians that were dated February 2006, and stated *inter alia* that Slocum was unable to lift more than ten pounds and that she needed to elevate her lower extremities. (Pl. Exh.). However, in a January 31, 2006, letter the Appeals Council had previously advised plaintiff's counsel that any additional information must be sent within 25 days of the letter. (Tr. 7-8).[3] Counsel was cautioned that if the Appeals Council did not hear anything within 25 days, it would assume that counsel did not intend to send additional information, and it would decide the matter based on the existing record. (*See*, Tr. 7-8). Accordingly, counsel had until February 25, 2006, to submit new information to the Appeals Council. However, the new evidence was not sent to the Appeals Council until March 9, 2006, – over three months after the ALJ's decision and counsel's initial request for review before the Appeals Council.[4] Plaintiff's counsel did not seek an extension of time from the Appeals Council or otherwise proffer an explanation for the dilatory submission.

The new evidence belatedly sent by counsel to the Appeals Council does not appear in the administrative record, nor was it referenced by the Appeals Council. It is manifest that the Appeals Council did not consider or evaluate the evidence, and thus it is not part of the instant record on appeal. *Compare, Higginbotham v. Barnhart*, 405 F.3d 332, 335 (5th Cir. 2005).

Plaintiff contends that the Appeals Council was obligated under the regulations to consider the new evidence. 20 C.F.R. §§ 404.970 & 404.976. However, the regulations also

---

[3] Additional time would not be allowed except for very good reasons. *Id*.

[4] *See*, cover letter and facsimile transmission results page; Pl. Exh.

state that new evidence should be submitted with the request for review within 60 days of notice of the hearing decision. 20 C.F.R. § 404.968. Plaintiff's evidence met neither this, nor the Appeals Council's more generous deadline. In light of plaintiff's unexplained, unexcused, and untimely submission of evidence, the court finds no error with the exclusion of the evidence from the administrative record. *See*, *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005)(Appeals Council not required to extend deadline for submission of evidence where claimant offered no explanation for the extension); *Douglas v. Shalala*, 1995 WL 86543 (N.D. Cal.1995)(in the absence of good cause, ALJ was not required to consider evidence submitted after deadline).

The court is left to decide whether the matter should be remanded for consideration of evidence that was not before the Commissioner. The court may order additional evidence to be taken before the Commissioner "only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Pierre v. Sullivan,* 884 F.2d 799, 803 (5th Cir. 1989)(citing, 42 U.S.C. § 405(g)). In this case, even if the court assumes that the evidence is new and material, plaintiff has not alleged, let alone demonstrated, good cause for failing to timely incorporate the evidence into the administrative record. Accordingly, the court cannot remand for consideration of the new evidence.[5] *Pierre, supra*; *Thomas v. Apfel*, 1998 WL 458187 (E.D. La. 1998)(plaintiff's unexplained failure to timely submit evidence to Appeals Council does not warrant remand for consideration of the evidence).

For the reasons stated above, the undersigned finds that the Commissioner's decision is

---

[5] The new evidence may provide a basis for a subsequent disability claim.

supported by substantial evidence and is free of legal error.[6] Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be **AFFIRMED**, and that this civil action be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 6th day of February, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[6] Plaintiff did not allege any errors with the remaining steps of the sequential evaluation process.